UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NORMAN RINEHART,<br><br>　　　　　Defendant. | 4:25-CV-04123-ECS<br><br><br>OPINION AND ORDER GRANTING<br>PLAINTIFF'S MOTION FOR LEAVE TO<br>PROCEED IN FORMA PAUPERIS AND<br>1915 SCREENING |

Plaintiff Charles Ray Johnson[1] filed a pro se lawsuit alleging retaliation and discrimination based on race and disability. Doc. 1. Johnson also filed a motion for leave to proceed in forma pauperis and a motion to appoint counsel. Docs. 2, 3.

I.      **Motion for Leave to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to

---

[1] Johnson also lists Misty Sharif as a plaintiff. Doc. 1 at 2. A pro se litigant, however, cannot represent someone other than himself in federal court. See 28 U.S.C. § 1654 (stating that "parties may plead and conduct their own cases personally or by counsel"). Here, Sharif has not signed the Complaint as required by the Federal Rules of Civil Procedure. "Under Rule 11(a) of the Federal Rules of Civil Procedure, each pro se party in the case must sign the complaint in order to properly bring this action before the Court." Monroe v. Yankton Sioux Hous. Auth., No. 4:25-CV-04113-ECS, 2025 WL 1795824, at *2 (D.S.D. June 30, 2025) (quoting Clay v. Purkett, No. 06-CV-1859, 2007 WL 107758, at *1 (E.D. Mo. Jan. 9, 2007)).

proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Johnson's financial affidavit, this Court finds that he has insufficient funds to pay the filing fee. Thus, Johnson's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

## II.     1915 Screening

### A.     Factual Background

Johnson filed suit alleging "ADA Discrimination[,]" "Discrimination by Race[,]" "Retaliation[,]" and "Housing Discrimination[.]" Doc. 1 at 1. In his civil cover sheet, Johnson states that he is filing suit based on "Housing discrimination by race and Disability/Retaliation threats to Evict if plaintiff sees his family." Id. at 5. As supporting facts, Johnson provides the following statement: "Plaintiff is Retaliated against for filing complaint. Defendant due to viable DOJ complaint has banded [sic] plaintiff from his property as well as seeing his family while property is being rented out." Id. at 3. Johnson provides no other details regarding the content of the complaint he filed that caused the alleged retaliation. See generally id.

Johnson attached to his Complaint an overview of housing discrimination from the South Dakota Unified Judicial System (UJS) and underlined the section regarding discrimination based on race and color. Doc. 1-1 at 1. But Johnson provides no facts alleging how he was discriminated against based on his race or color. See generally Doc. 1. In the portion of the UJS attachment describing examples of housing discrimination, Johnson highlighted the sections regarding "set[ting] different terms, conditions, or privileges for sale or rental[,]" "provid[ing] different housing services or facilities[,]" "refus[ing] to allow a disabled person to make reasonable accommodations to his/her dwelling[,]" and "threaten[ing] or interfer[ing] with anyone making a fair housing complaint[.]" Doc. 1-1 at 2. Johnson, however, provides no

factual allegations describing how these sections apply to him or how the defendant's conduct fits under the examples of discrimination that Johnson highlighted in the UJS article attached to his Complaint.

In his request for relief, Johnson seeks "3 million dollars as this is continuous [and] ongoing[.]" Doc. 1 at 3.

### B. Legal Standard

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under § 1915(a), the court must then determine whether the complaint should be dismissed under § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988) (citing Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Twombly, 550 U.S. at 556).

Although "pro se complaints are to be construed liberally," the United States Court of Appeals for the Eighth Circuit held that "they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). The court explained:

> When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework. That is quite different, however, from requiring the district court to assume facts

4

that are not alleged, just because an additional factual allegation would have formed a stronger complaint.

Id. at 915.

      C.      **Legal Analysis**

            1.      **Claims Arising Under the Americans with Disabilities Act**

Johnson alleges discrimination under the Americans with Disabilities Act (ADA), but he does not specify what section of the ADA his claims fall under. Doc. 1 at 1. "Title II of the ADA prohibits 'public entities' from excluding 'qualified' disabled persons from programs, activities, or services, and otherwise discriminating against disabled persons." Maday v. Dooley, 4:17-CV-04168-KES, 2018 WL 4334071, at *3 (D.S.D. May 30, 2018), report and recommendation adopted, 2018 WL 4047116 (D.S.D. Aug. 24, 2018). As relevant to Johnson's Complaint, a "public entity" includes "any State or local government" as well as "any department, agency, special purpose district, or other instrumentality of a State or States or local government[.]" 42 U.S.C. § 12131(1). Not included in this definition, however, are "defendants in their individual capacities[.]" Maday, 2018 WL 4334071 at *3. "The Eighth Circuit held in an *en banc* decision that Congress' designation of liability for 'public entities' under Title II of the ADA necessarily implied that there was no liability for individuals under that statute." Id. (citing Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)). Johnson does not name a defendant qualifying as a public entity under 42 U.S.C. § 12131, and instead, only names a private individual against whom claims under Title II of the ADA are not cognizable.

Title III of the ADA, however, does provide for suits against private entities discriminating against individuals "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public

5

accommodation." 42 U.S.C. § 12182(a). But a discrimination claim under both Title II and Title III of the ADA requires that the plaintiff establish he or she is disabled within the meaning of the ADA.[2] Randolph v. Rodgers, 170 F.3d 850, 858 (8th Cir. 1999) (prima facie case for Title II claims); Hillesheim v. Myron's Cards & Gifts, Inc., 897 F.3d 953, 956 (8th Cir. 2018) (citation omitted) (prima facie case for Title III claims).

A "qualified individual with a disability" refers to

> [A]n individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131(2). Johnson provides no facts establishing that his alleged disability meets the definition of a disability under the ADA. Indeed, Johnson makes no claim that he is disabled, and the only references he makes to any possible disability are the following statements: "ADA Discrimination[,]" "Housing discrimination by race and Disability[,]" and the section Johnson underlined in the UJS attachment stating "refuse to allow a disabled person to make reasonable accommodations to his/her dwelling." Doc. 1 at 1, 5; Doc. 1-1 at 2. Therefore, Johnson's claims alleging violations of the ADA are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

    2.    **Claims Arising Under the Fair Housing Act**

        a.    **Disparate Treatment**

This Court construes Johnson's claim of "Housing discrimination by race and Disability" as a violation of the Fair Housing Act (FHA). Doc. 1 at 5. The FHA broadly prohibits

---

[2] Because Johnson does not demonstrate that he meets the definition of a disabled individual under the ADA, this Court need not analyze whether Johnson's place of lodging fits within the definition of a public accommodation under 42 U.S.C. § 12181(7).

discrimination in the sale or rental of housing based on race, color, religion, sex, familial status, or national origin. 42 U.S.C. § 3604(a). "A plaintiff alleging a violation under the FHA can proceed under three theories: disparate treatment, disparate impact, and failure to make a reasonable accommodation."[3] Fair Hous. of the Dakotas, Inc. v. Goldmark Prop. Mgmt., Inc., 778 F. Supp. 2d 1028, 1037 (D.N.D. 2011); see also Meraki Recovery Hous., LLC v. City of Coon Rapids, No. 20-CV-0203, 2021 WL 5567898, at *4 (D. Minn. Nov. 29, 2021). A disparate treatment claim "focuses on whether the defendant treated the plaintiff less favorably than others[]" while a disparate impact claim requires a plaintiff to "establish (1) a facially neutral policy or practice that (2) resulted in a significant adverse impact on members of a protected minority group." Fair Hous. of the Dakotas, 778 F. Supp. 2d at 1037 (citing Gallagher v. Magner, 619 F.3d 823, 831, 833 (8th Cir. 2010)). Here, Johnson broadly alleges that he was discriminated against based on his race, which this Court liberally construes as a disparate treatment claim. Doc. 1 at 5.

To establish a prima facie case for disparate treatment based on race, a plaintiff must demonstrate that the defendant treated him "less favorably than others based on [his] race, color, religion, sex or national origin[.]" Gallagher, 619 F.3d at 831. According to the Eighth Circuit,

---

[3] The "FHA prohibits a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a handicapped person equal opportunity to use and enjoy a dwelling." One Love Hous., LLC v. City of Anoka, 93 F.4th 424, 429 (8th Cir. 2024) (quoting 42 U.S.C. § 3604(f)(3)(B)) (cleaned up). As with the ADA, a plaintiff alleging a failure to make reasonable accommodations claim must first establish that he is disabled within the meaning of the FHA. Meraki Recovery Hous., LLC v. City of Coon Rapids, No. 20-CV-0203, 2021 WL 5567898, at *4 n.8 (D. Minn. Nov. 29, 2021). Because Johnson provides no facts establishing that his alleged disability meets the definition of a disability under the ADA or FHA, any claims he intended to make alleging discrimination based on disability under the FHA are dismissed without prejudice for failure to state a claim upon which relief may be granted.

"[p]roof of discriminatory purpose is crucial for a disparate treatment claim." Id. (citing Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n. 15 (1977)).

The only references Johnson makes to discrimination are in his civil cover sheet and where he underlines "race" and "color" in the UJS overview of housing discrimination he attaches. Doc. 1 at 5; Doc. 1-1. But the civil cover sheet is not a pleading. The civil cover sheet specifically provides that "the information contained herein neither replace[s] nor supplement[s] the filing and service of pleadings or other papers as required by law[.]" Doc. 1 at 5; see also Favors v. Coughlin, 877 F.2d 219, 220 (2d Cir. 1989) (per curiam) ("The civil cover sheet, of course, is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers."); Fed. R. Civ. P. 7 (defining pleading to include the complaint but not the civil cover sheet).

Similarly, underlining phrases on a general overview of housing discrimination does not provide the specific facts necessary to establish a claim upon which relief can be granted. See Martin, 780 F.2d at 1337 ("[A] pro se complaint must contain specific facts supporting its conclusions." (citation omitted)). Johnson's Complaint provides far too few factual allegations to raise a right to relief above the speculative level, as required by Twombly. Twombly, 550 U.S. at 555. Therefore, Johnson's disparate treatment claims for discrimination based on his race and disability are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### b. Retaliation

Johnson also asserts that he was "Retaliated against for filing complaint[]" when the defendant "banded [sic] [Johnson] from his property as well as seeing his family while property is being rented out." Doc. 1 at 3. "The FHA also prohibits retaliation against any person on

8

account of his having exercised or enjoyed a right granted or protected by the FHA." Gallagher, 619 F.3d at 838 (citing 42 U.S.C. § 3617).

To establish a prima facie case of retaliation, a plaintiff must show (1) that he engaged in an activity protected under the FHA, (2) that the defendant was aware of this activity, (3) that the defendant "took adverse action against the plaintiff," and (4) that "a causal connection exists between the protected activity and the adverse action[.]" Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 54 (2d Cir. 2002) (quotation omitted), superseded by statute on other grounds, ADA Amendments of 2008, Pub. L. No. 110-325, 122 Stat. 3553, cited with approval in Gallager, 619 F.3d at 838. Protected activity under the FHA "can include requesting a reasonable accommodation, protesting discriminatory housing practices, or opposing practices the plaintiff reasonably and in good faith believed amounted to discriminatory housing practices." Lee v. Omaha Hous. Auth. Found. Inc., 8:24CV203, 2025 WL 588030, at *4 (D. Neb. Feb. 24, 2025) (quotation omitted). As for the fourth prong, a plaintiff must show that a "retaliatory motive played a part" in causing the adverse action. Reg'l Econ. Cmty. Action Program, Inc., 294 F.3d at 54 (quotation omitted); see also Hunter v. Anderson, No. 12–2008, 2013 WL 3974342, at *11 (D. Minn. July 31, 2013) (holding that the plaintiff failed to establish a valid retaliation claim when she failed to plead facts "indicating retaliatory intent[]").

Here, Johnson does not provide enough evidence to establish a prima facie case for retaliation. Johnson does not provide any details on the complaint he made, who he made the complaint to, or how making the complaint constitutes protected activity. See Doc. 1 at 3. Johnson does not provide any information showing that the defendant was aware of this activity or provide sufficient facts to establish a retaliatory motive on behalf of the defendant. See id.

9

Therefore, Johnson's retaliation claims under the FHA are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. Motion to Appoint Counsel

Johnson has also filed a motion to appoint counsel. Doc. 3. Because Johnson's claims are all dismissed, the motion to appoint counsel, Doc. 3, is denied as moot.

## III. Conclusion

It is therefore ORDERED:

1. That Johnson's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

2. That Johnson's discrimination claims under the ADA are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

3. That Johnson's discrimination and retaliation claims under the FHA are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

4. That Johnson's motion to appoint counsel, Doc. 3, is denied as moot.

DATED January 2, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE